## HAYES-LUCAS LUMBER COMPANY v. HOGEN JOHNSON AND OTHERS.[1]

November 4, 1927.

Nos. 26,206, 26,240.

**Statutes authorize mortgage of homestead when spouse of mortgagor is insane.**

1. Section 8201, G. S. 1923, authorizes the conveyance by the husband or wife of an insane or incompetent spouse of his or her real estate, including the homestead. Section 8195 of the same chapter provides that the word "conveyance," as therein used, shall include mortgages. Hence the authority given by § 8201 includes the power to mortgage the homestead.

**Irregular but not fatal when guardian of incompetent spouse joins in mortgage.**

2. In this collateral attack upon the orders of the probate court, it is immaterial that they may have authorized the guardian of the insane spouse to join in a mortgage of the homestead instead of authorizing only his consent thereto. It is equally immaterial that he did join in such a mortgage rather than merely indorse his consent thereon as contemplated by the statute. Such departures from the procedure contemplated by the statute are mere irregularities rather than fatal defects.

Homesteads, 29 C. J. p. 885 n. 34, 35; p. 893 n. 68 New.
Insane Persons, 32 C. J. p. 691 n. 66; p. 722 n. 2.

See note in 13 L.R.A.(N.S.) 430; 13 R. C. L. 631; 3 R. C. L. Supp. 67.

Plaintiff and the interveners separately appealed from a judgment of the district court for Redwood county, Olsen, J.   Affirmed.

*Tawney, Smith & Tawney, E. D. Libera,* and *Edward Lucas,* for plaintiff.

*Murphy & Johanson* and *Charles L. DeReu,* for interveners.
*Somsen, Dempsey & Flor,* for respondents.

[1]Reported in 215 N. W. 857.

STONE, J.

Appeal by plaintiff and interveners from a judgment establishing the priority of two mortgages, hereinafter referred to, over the judgment lien of plaintiff on the homestead of Hogen and Ingrid Johnson, husband and wife. The latter appeal both as defendants and interveners, the wife appearing by her guardian ad litem, George V. DeReu.

The Johnsons for many years have occupied a 320-acre farm in Redwood county, the title being in the husband. The purpose of this action was to have a judgment held by plaintiff against Hogen Johnson declared a first lien against the 80 acres of the farm which constitute the homestead upon the ground that the judgment represented an indebtedness for building materials which had gone into the improvement of the homestead. The decision below sustains that claim except that it establishes the priority over plaintiff's judgment of two mortgages held by defendants Gieseke and State Bank of Milroy. It is in the latter aspect only that it is challenged by this appeal. The claim is that as to the homestead Mrs. Johnson did not join in either mortgage, and therefore both are void under G. S. 1923, § 8340, which invalidates any mortgage or conveyance of the homestead of a married person unless the owner's spouse joins in it.

At the date of the mortgages, Mrs. Johnson was and for years had been incompetent and under guardianship. But in the case of each mortgage the guardian applied for and obtained from the probate court of Redwood county what amounted to a license to mortgage the homestead. Acting under such authority, he joined as a mortgagor in the execution of one mortgage and his written consent was attached to the other.

1. It is first claimed that the guardian of an insane or otherwise incompetent spouse has no power, even under license from the probate court, to join in a mortgage of a homestead. The Gieseke mortgage took effect in September, 1920, and that to the State Bank of Milroy in May, 1922. So the situation is controlled by G. S. 1913, § 6825, as amended by L. 1915, p. 187, c. 131, and L. 1919,

p. 423, c. 395 (G. S. 1923, § 8201). Thereby the husband or wife of an insane or incompetent ward is authorized to "convey" by separate deed "any real estate, the title to which is or may be in such husband or wife, as fully as he or she could do if unmarried;" first, however, obtaining the approval of the guardian of the·incompetent spouse. The language is general and the authority to convey includes the power to mortgage, for G. S. 1923, § 8195, defines "conveyance" as used in the chapter in question to "include every instrument in writing whereby any interest in real estate is created, aliened, mortgaged, or assigned, or by which the title thereto may be affected in law or in equity, except wills, leases for a term not exceeding three years, and powers of attorney." That the power thus given is inclusive of homestead rights is put beyond doubt by a proviso to the effect that the section "shall not authorize the conveyance of a homestead unless the guardian of the person or estate of such insane or incompetent person * * * shall consent in writing to such conveyance, by indorsement thereon, after being first authorized so to do, by order of such probate court."

The argument for appellants overlooks the definition by § 8195 of the term "conveyance," as used in § 8201, and the consequent necessity for construing the latter section to confer the power to mortgage a homestead as well as the power to convey absolutely. We cannot agree that the amendment of G. S. 1913, § 7344 (relating to the sale of real estate by representatives) by L. 1921, p. 311, c. 268, so as to make it include expressly "the homestead of such decedent," is of any importance, for neither the original section nor the amendment can be considered as in any way altering the power given by § 8201 to mortgage a homestead. Both in its original and amended form § 7344 is confined to the sale, as distinguished from the mortgaging, of the real estate of a decedent or ward. We are not required to determine the effect of L. 1923, p. 391, c. 295, amending G. S. 1913, §§ 7345 and 7348, because that amendment was not made until after the execution of the mortgages here in question. The argument is that, inasmuch as the effect of the amendment was expressly to bring the homestead within the authority given by the

amended sections to mortgage real estate, the idea of the legislature was that, without such amendment, there was no authority for the mortgaging of the homestead of a decedent or insane ward. In view of the plain terms of G. S. 1923, §§ 8195 and 8201, we cannot follow that argument. While such a legislative opinion, if expressed, would of course be persuasive, it could not control the judicial function of determining what the law was. But the mere fact that the legislature amends does not show an intention to change the law, for the amendment may be and frequently is only for the purpose of rearrangement, clarification or to make a second statute applicable to a situation theretofore covered only by another.

2. The probate court has general and exclusive jurisdiction over the estates of the deceased and persons who have been adjudged incompetent. Therefore, where it has jurisdiction, and clearly it had in the instant case, its judgments are immune from collateral attack. The orders of license authorizing the guardian of Mrs. Johnson to mortgage the homestead are in effect judgments. The attack upon them is collateral and must fail because it does not go to the extent of showing an absence of jurisdiction. We cannot consider at all such arguments as that "the authority to consent to the mortgages was a matter of mere ceremony and included no consideration of the merits." True, the guardian joined as an apparent comaker in one mortgage instead of complying strictly with § 8201 and expressing his consent by indorsement. That is a mere irregularity. The clear intent of the orders of the probate court was that the homestead could be mortgaged and that the guardian should do whatever was necessary to make them effective. If more was authorized and more done than necessary, if the guardian was authorized to mortgage instead of consenting to a mortgage, or if he joined in such mortgage instead of only consenting thereto, there is at most an irregularity, but not a fatal defect.

Judgment affirmed.